**Vernell L. SEBRELL, Appellant**

v.

**District Attorney Lynn ABRAHAM.**

No. 05–3455.

United States Court of Appeals, Third Circuit.

Submitted For Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) Oct. 14, 2005.

Decided Dec. 14, 2005.

Vernell L. Sebrell, Philadelphia, PA, pro se.

Karen A. Brancheau, Office of District Attorney, Philadelphia, PA, for District Attorney Lynn Abraham.

Before ROTH, FUENTES and VAN ANTWERPEN, Circuit Judges.

## OPINION

PER CURIAM.

Appellant, Vernell Sebrell, commenced this action by filing a one-page pro se complaint against the Philadelphia District Attorney. Among other things, Sebrell alleged that the District Attorney failed to bring "corrupt cops" to justice and violated Sebrell's civil rights by failing to investigate complaints of "terroristic threats by police officers."

The District Court granted Sebrell's motion for leave to proceed *in forma pauperis* and dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to

state a claim. The District Court noted that even under a liberal reading of the pro se complaint, Sebrell failed to allege an actionable constitutional violation or conduct that falls outside the scope of the District Attorney's immunity from suit. Sebrell timely filed this appeal.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We have granted Sebrell leave to proceed *in forma pauperis* on appeal and will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Insofar as Sebrell filed this action in an effort to recover money damages (a fact that is unclear from the complaint), the District Attorney is plainly immune from suit. *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Kulwicki v. Dawson,* 969 F.2d 1454 (3d Cir. 1992). To the extent that Sebrell sought an unspecified form of injunctive relief, or merely sought "justice," the district court likewise properly dismissed the complaint. *Urrutia v. Harrisburg County Police Dep't,* 91 F.3d 451, 462 (3d Cir.1996). Sebrell's allegations simply do not state an actionable claim upon which relief can be granted.

Accordingly, we will dismiss the appeal pursuant to § 1915(e)(2)(B)(i).